UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17cv102-FDW

JOHN DOE, A Minor, ex rel, by )
Parent Guardian, )
 )
        **Plaintiff,** )
 )
vs. )    **ORDER**
 )
**INTERNAL REVENUE** )
**SERVICE, et al.,** )
 )
 )
        **Defendants.** )
 )

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed in Forma Pauperis. (Doc. No. 2).

**I.    BACKGROUND**

Pro se Plaintiff John Doe, a minor, filed this action on March 1, 2017, naming as Defendants Internal Revenue Service; Tonya Williams-Wallace, identified as an IRS employee; and Wells Fargo Bank, N.A. Plaintiff alleges that Defendants are liable for conversion of funds owned by Plaintiff.[1] Specifically, Plaintiff alleges that he was the beneficiary of a family trust, and that Defendants are wrongly holding $81,000 in trust proceeds that rightfully belong to Plaintiff.

**II.    STANDARD OF REVIEW**

Because Plaintiff seeks to proceed in forma pauperis, the Court must review the

---

[1] Plaintiff asserts that subject matter jurisdiction in this action is based on diversity of citizenship, under 28 U.S.C. § 1332.

1

Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III. DISCUSSION

Plaintiff's action will be dismissed without prejudice because, as a minor who is not represented by counsel, Plaintiff John Doe lacks the capacity to bring suit in this matter. A minor child must appear through counsel and cannot be represented by a non-attorney, even if the non-attorney is the child's parent. Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005) (holding that pro se, non-attorney parents "generally may not litigate the claims of their minor children in federal court"); Myers v. North Carolina, No. 5:12-cv-714-D, 2013 WL 4456848, at *1 (E.D.N.C. Aug. 16, 2013) (holding that a parent could not litigate minor children's claims and dismissing children as parties); see also Tindall v. Poultney High Sch. Dist., 414 F.3d 281, 284 (2d Cir. 2005) (noting that "[t]he choice to appear pro se is not a true choice for minors who under state law, see FED. R. CIV. P. 17(b), cannot determine their own legal actions") (quoting Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990)); Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123, 124 (2d Cir. 1998) (holding that a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child), overruled on other grounds by Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007).

District courts have a duty, sua sponte, to enforce the rule against pro se representation of a child by his or her non-attorney parent because "[t]he infant is always the ward of every court

2

wherein his rights or property are brought into jeopardy, and is entitled to the most jealous care that no injustice be done to him." Wenger, 146 F.3d at 125 (quoting Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997)); see also Fayemi v. Bureau of Immigration and Custom Enforcement, No. CV-04-1935, 2004 WL 1161532, at *1 (E.D.N.Y. May 24, 2004) (holding that when it is apparent that a lay person is suing on behalf of a minor, the district court has a duty to protect the child by enforcing, sua sponte, the prohibition against unauthorized representation).

In sum, this action will be dismissed without prejudice because, as a minor, Plaintiff lacks the capacity to bring this suit pro se, or with his parent serving as his non-attorney representative.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this initial review.

2. Plaintiff's Complaint is **DISMISSED** without prejudice. The Clerk is directed to close the case.

**IT IS SO ORDERED**.

Signed: March 14, 2017

Frank D. Whitney
Chief United States District Judge